JAMES M. KELSEY v. EDWARD LONG.

[Abstract Kentucky Law Reporter, Vol. 7—823.]

**Consolidation of Causes.**

Even when no formal order is made consolidating pending causes, if they are treated as consolidated and tried as one action without objection they will be treated by this court as consolidated.

**Claim of Actual Settlement on Land.**

One who holds possession of land as a tenant can not assert that he has any preference as an actual settler upon his applying for a patent on such land.

APPEAL FROM RUSSELL CIRCUIT COURT.

May 20, 1886.

OPINION BY JUDGE LEWIS:

Appellant's only claim to the land in dispute is founded on the patent issued to him in July, 1883, which is subsequent in date

71

to the one covering the same land issued to appellee, Edward Long, in June, 1883, as well as the one calling for fifty acres issued to Samuel Long in 1822.

To avoid the effect of the latter he contends, first, that the fifty-acre tract is not included in the devise by Samuel Long, deceased, to his son, Edward Long, appellee, of the farm on which he, the testator, resided, but that it, being undisposed of, belongs to all the heirs at law, including appellee; second, that the fifty-acre survey embraces only a small portion of the land in controversy. It seems to us that the evidence clearly shows that the testator regarded the fifty acres tract as part of the farm on which he resided at the time he died. It adjoined the tract of two hundred acres upon which the dwelling-house was situated, and runs up to within two hundred yards of the dwelling-house, and had been used by him as part of his farm since 1822, when he got a patent for it.

It is true, much of the fifty acres was uninclosed, and perhaps unfit for cultivation, being hill land. But the evidence shows that the testator had been in the habit of getting from it timber for use on the other part of his farm, which was adjacent to the Cumberland river. Moreover a portion of it, it is proved, was within the same fence that included the other part of his farm. There seems to be some difficulty in locating with precision the lines and corners of the fifty acres survey. But the call in the patent for the two hundred acre survey and other known objects, and the situation of other surrounding tracts, has enabled the surveyor to approximately locate it.

But it is contended the court erred in overruling appellant's motion for a continuance to enable him to show that the fifty acres tract did not embrace more than a small part of the land patented to him in July, 1883. The application for the continuance was made at the December term, 1884, at the court at which the case was submitted. In his affidavit appellant stated that the first notice he had of appellee claiming the fifty acres under the will of his father, Samuel Long, was in October, 1884, when depositions were taken to prove the land in dispute was covered by the fifty acres survey made in 1822.

The record shows that appellee in October, 1883, filed a petition in equity against appellant and one Polson for the purpose of obtaining an injunction restraining the cutting and carrying off of

timber from the fifty acres survey, which he stated appellant had sold to Polson. In that petition appellee distinctly stated that he owned the land by devise from his father, Samuel Long. So that appellant had notice of appellee's claim of the fifty acres previous to October, 1884, and in fact as early as November, 1883, filed his answer to that petition in equity, denying the land was included in the devise from Samuel Long to appellee, Edward Long, and as a further defense relied on the patent issued to him in July, 1883.

But it appears that in February, 1884, appellee commenced an action ordinary to recover of appellee the same land, though it was described in the petition according to the boundary set out in the patent to him of date June, 1883, but it is not stated in the petition upon what title he relied. That action was subsequently transferred to equity, and, though there does not appear to have been a formal order made consolidating the two actions, they were evidently so treated, and without objection heard and tried as one action.

It appears that eight or ten years before the death of Samuel Long appellant cleared and built upon a small parcel of land near to the residence of Long and inside the boundary of the fifty acres survey contended for by appellee, and continued to occupy it as the tenant of Samuel Long up to the death of the latter. The portion then occupied by appellant being claimed by Samuel Long under his patent of 1822, for he had no other claim, is strong evidence it was covered by that patent; and appellant, having recognized that claim as the tenant of Samuel Long, is not now in position to deny the part then cleared and occupied by him under Long is within the boundary of that patent; and for the same reason he can not claim any preference or presumption as an actual settler, for he was not such in the meaning of the statute at the time the patent was issued to him in July, 1883.

Whether the land in dispute is covered by the fifty acres patent of 1822 or not is of no consequence to appellant, for if it is, both his and appellee's patents are void. If it is not, then appellee's patent of June, 1883, gives to him the superior title. In either event he must recover the land in dispute.

Judgment *affirmed*.

*J. A. Brents, for appellant.*

*Montgomery & Jones, for appellee.*